Alexander Dahle (SBN 6348380)
*a.dahle@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

TENEISHA GEATER, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

vs.

ADVOCATE HEALTH AND HOSPITALS CORPORATION, an Illinois corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 1:26-cv-13179

**COLLECTIVE ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff TENEISHA GEATER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Plaintiff worked for Defendants in Chicago, Illinois, which is located in this District; Defendants employed Plaintiff and other hourly-paid or non-exempt employees in this District; a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

**THE PARTIES**

3. Plaintiff TENEISHA GEATER is a resident of the State of Illinois. Plaintiff worked for Defendants from approximately October 2025 to September 2026 as a Referral Coordinator at one of Defendants' Chicago locations. Plaintiff was paid approximately $26.36 per hour and was classified by Defendants as hourly-paid and non-exempt.

4. Defendant ADVOCATE HEALTH AND HOSPITALS CORPORATION was and is, upon information and belief, an Illinois corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District, and the State of Illinois.

5. At all relevant times, ADVOCATE HEALTH AND HOSPITALS CORPORATION was the "employer" of Plaintiff and FLSA Collective Members within the meaning of all applicable state and federal laws and statutes.

6. At all relevant times herein mentioned, ADVOCATE HEALTH AND HOSPITALS CORPORATION, ratified each and every act or omission complained of herein. The acts of ADVOCATE HEALTH AND HOSPITALS CORPORATION were in accordance with, and represent the official policy of ADVOCATE HEALTH AND HOSPITALS CORPORATION.

///

///

7. Upon information and belief, ADVOCATE HEALTH AND HOSPITALS CORPORATION is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

8. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants herein designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the damages to Plaintiff and FLSA Collective Members alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

9. At all times herein relevant, ADVOCATE HEALTH AND HOSPITALS CORPORATION and DOES 1 through 10, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10. Defendants ADVOCATE HEALTH AND HOSPITALS CORPORATION and DOES 1 through 10 will hereinafter be collectively referred to as “Defendants.”

11. At all relevant time periods, Defendants have been employers, both jointly and in their individual capacities, within the meaning of the FLSA under 29 U.S.C. § 203(d).

12. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

13. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees who engaged in commerce or in the production of goods for commerce and/or

///

employed in an enterprise engaged in the production of goods for commerce, as required by 29 U.S.C. § 207.

At all relevant time periods, Defendants have been an enterprise within the meaning of the FLSA, under 29 U.S.C. § 203.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for Defendants at any time during the period from three years prior to the filing of this Complaint to final judgment and who choose to opt-in to this action (the "FLSA Collective").

15. Plaintiff brings this action on behalf of the FLSA Collective as a collective action pursuant to 29 U.S.C. §216(b).

16. Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216(b). Like Plaintiff, each potential member of this FLSA Collective must sign a written consent to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-in" plaintiff.

17. Notice of the pendency and any resolution of this action can be provided to potential members of the FLSA Collective by mail, print, and/or internet publication.

18. There is a well-defined community of interest in the litigation and the potential members of the FLSA Collective are readily ascertainable.

19. There are common questions of law and fact as to the FLSA Collective that predominate over questions affecting only individual members, including not limited to:

a. Whether Defendants required Plaintiff and FLSA Collective Members to work over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and FLSA Collective Members;

///

b. Whether Defendants failed to pay minimum wages to Plaintiff and FLSA Collective Members;

c. Whether Defendants required Plaintiff and FLSA Collective Members to work off the clock and thereby failed to pay legally required wages to Plaintiff and FLSA Collective Members for all hours worked;

d. Whether Defendants' conduct was willful; and

e. Whether Plaintiff and FLSA Collective Members have sustained damages, and if so, what is the proper measure of those damages.

20. Defendants' unlawful conduct has been widespread, repeated, and consistent.

21. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**PLAINTIFF-SPECIFIC ALLEGATIONS**

22. Plaintiff worked for Defendants from approximately October 2025 to September 2026 as a Referral Coordinator at one of Defendants' Chicago, Illinois locations.

23. During at least one workweek, Plaintiff worked more than forty hours but was not paid overtime compensation for all hours worked because she performed job duties while off-the-clock before clocking in, during unpaid meal periods, and/or after clocking out.

24. During at least one workweek, Plaintiff worked less than forty hours but was not paid all compensation for all hours worked because she performed job duties while off-the-clock before clocking in, during unpaid meal periods, and/or after clocking out.

25. Defendants knew or should have known Plaintiff performed this work.

26. Defendants applied the same or substantially similar employment policies and practice, including, but not limited to, timekeeping, payroll, scheduling, overtime-approval, meal-period, and/or regular-rate policies to other hourly-paid or non-exempt employees in Illinois.

**GENERAL ALLEGATIONS**

27. At all relevant times set forth, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees in the State of Illinois.

///

28. Defendants continue to employ hourly-paid or non-exempt employees in the State of Illinois and other states in the United States.

29. Plaintiff and FLSA Collective Members worked off the clock for Defendants' benefit before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

30. Defendants required or permitted this work through its uniform employment policies and practices.

31. Defendants were aware that Plaintiff and FLSA Collective Members worked off the clock before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift, yet Defendants failed to pay them minimum, regular, and/or overtime wages for all hours worked. During these unpaid meal periods, Plaintiff and FLSA Collective Members performed compensable work. Defendants knew or should have known Plaintiff and FLSA Collective Members were performing this compensable work. Defendants nevertheless failed to pay for all meal-period work.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and FLSA Collective Members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and FLSA Collective Members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for compensation.

34. During the relevant period, Defendants paid Plaintiff and Class Members remuneration in addition to their base hourly rates, yet failed to include such remuneration when calculating the regular rate of pay for overtime purposes. As a result, Plaintiff and Class Members were paid overtime at a rate lower than the rate required by law.

35. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate

Plaintiff and FLSA Collective Members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and FLSA Collective Members that they were properly denied wages, all in order to increase Defendants' profits.

## FIRST CAUSE OF ACTION

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 207**

**(Against ADVOCATE HEALTH AND HOSPITALS CORPORATION and DOES 1 through 10)**

36. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof, with the same force and effect as though fully set forth herein.

37. The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

38. At all material times set forth herein, Plaintiff and FLSA Collective Members did not qualify for exempt status under the FLSA.

39. At all material times set forth herein, Plaintiff and FLSA Collective Members worked in excess of 40 hours in a workweek; however, the proper overtime compensation was not paid by Defendants. In at least one workweek, Plaintiff worked more than forty hours after including unrecorded pre-shift, post-shift, and/or meal-period work. Defendants paid Plaintiff only for recorded hours and did not pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked over forty.

40. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation was and is a result of a single, uniform unlawful policy or practice.

41. At all material times Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively Defendants' reckless disregard for the requirements of those provisions.

42. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 206**

**(Against ADVOCATE HEALTH AND HOSPITALS CORPORATION and DOES 1 through 10)**

43. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof, with the same force and effect as though fully set forth herein.

44. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and FLSA Collective Members were entitled to receive minimum wages for all hours worked.

45. At all material times set forth herein, Defendants' failure to pay Plaintiff and FLSA Collective Members minimum wages for all hours worked as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendants' failure to pay Plaintiff and the FLSA Collective Members minimum wages was and is a result of a single, uniform policy or practice to deny minimum wage compensation to them.

46. At all material times Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively Defendants' reckless disregard for the requirements of those provisions.

47. As a result of Defendants' unlawful conduct, Plaintiff and FLSA Collective Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

48. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself, and on behalf of all others similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That the FLSA Collective be designated a collective action and notice issued pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

2. That Plaintiff be appointed as the representative of the FLSA Collective; and

3. That Counsel for Plaintiff be appointed as Counsel for the FLSA Collective.

### As to the First Cause of Action

4. For general and unpaid wages at overtime wage rates;

5. For liquidated damages equal to the amount of unpaid compensation;

6. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

7. For reasonable attorney's fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. §216(b); and

8. For such other and further relief as the Court may deem appropriate.

### As to the Second Cause of Action

9. For general unpaid minimum wages;

10. For liquidated damages equal to the amount of unpaid compensation;

///

11. For pre-judgment interest on any unpaid minimum wages from the date such amounts were due;

12. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. § 216(b); and

13. For such other and further relief as the Court may deem appropriate.

Dated: October 26, 2026

**LAWYERS *for* JUSTICE, PC**

By: ______________________

Alexander Dahle
*Attorneys for* Plaintiff